## Toomey v. City of Henderson.

### (Decided June 14, 1911.)

### Appeal from Henderson Circuit Court.

Municipalities—Unsafe Street—Sufficiency of Evidence—In an action against a city for damages for personal injuries alleged to have resulted from a failure on the part of the city to keep its side-

walk in a reasonably safe condition for public travel, plaintiff testified that she fell into a hole in one of defendant's streets; that she could not see the hole because of the grass growing around it, and that there was grass growing in the hole from top to bottom. Held, that this evidence was sufficient to authorize the submission of the case to the jury on the question whether or not the hole had existed long enough for the city to have known of its existence by the exercise of ordinary care.

F. J. PENTICOST for appellant.

N. P. TAYLOR for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Appellant, Mamie Toomey, was injured by falling into a hole in one of the streets of the City of Henderson. She brought this action to recover damages. At the conclusion of the testimony introduced in her behalf, the trial court gave a peremptory instruction in favor of the city. To review the propriety of this ruling this appeal is prosecuted.

Appellant testified that she was returning from church on Sunday morning, July 28, 1907, when she fell into a hole in one of appellee's streets and suffered a severe sprain of her ankle. The hole was about eight inches deep, a foot and a half or two feet long, and about the same size in width. The accident happened in the morning, but she did not see the hole because of grass along the pavement. She also stated that grass was growing down in the hole from top to bottom.

While in order to make the municipality liable for injuries resulting from defects or dangers in its streets, knowledge thereof on its part, or the fact that knowledge would have resulted to it from the exercise of ordinary care, must be proved, such knowledge may be shown by circumstances, such as the continuance of the danger in such place and for so long a time as to create a presumption of knowledge on the part of the municipality in time to enable it to remove the danger before the injury. (Burnside v. Smith, 119 S. W., 744.) The trial court awarded the peremptory instruction on the idea that appellant not only failed to show knowledge on the part of the city, but failed to show facts creating a presumption of knowledge. Here, however, there was evidence tending to show that grass was growing in the sunken place in the pavement.

For appellee, it is contended that the pavement may have suddenly sunk; and the fact that grass is growing in a sunken place is not evidence that the hole has existed for any length of time. In support of this position it is claimed that it was the city's theory that an old well had formerly existed under the pavement, and that the pavement had sunk in because of this opening below. Inasmuch, however, as pavements do not ordinarily sink in, and there was no evidence tending to show that the pavement had suddenly sunk in, we conclude that the fact that grass was growing in the hole tends to show that the hole had existed long enough to permit of grass growing therein. That being true, there was some evidence conducing to show that the hole had been there for some time; and in our opinion, this was sufficient to authorize the submission to the jury of the question whether or not the hole had existed long enough for the city to have known of its existence by the exercise of ordinary care.

Judgment reversed and cause remanded for a new trial consistent with this opinion.